IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL   )
WORKERS NATIONAL PENSION FUND,   )
          )
    Plaintiff,       )
          )
    v.         )    Civil Action No. 1:24-cv-1221 (RDA/WEF)
          )
ALBANY METAL FABRICATION      )
HOLDINGS, INC.,       )
          )
    Defendant.      )

_____

ALBANY METAL FABRICATION      )
HOLDINGS, INC.,       )
          )
    Third-Party Plaintiff,   )
          )
    v.         )
          )
HIGH VOLTAGE ELECTRIC SERVICE,   )
INC.,          )
          )
    Third-Party Defendant.   )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Third-Party Defendant High Voltage Electric Service, Inc.'s ("Defendant" or "High Voltage") Motion to Dismiss (the "Motion") (Dkt. 39). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering the Amended Third-Party Complaint (Dkt. 34), Defendant's Memorandum in Support (Dkt. 40), Third-Party Plaintiff Albany Metal Fabrication Holdings, Inc.'s ("Plaintiff" or "Albany Metal") Opposition (Dkt. 46), and Defendant's Reply (Dkt. 47), this Court DENIES the Motion for the reasons that follow.

1

## I. BACKGROUND[1]

This action arises out of a series of sales of corporate assets from V.F. Conner Company, Inc. ("VF Conner") to High Voltage to Albany Metal. Employees of VF Conner were represented for the purposes of collective bargaining by a union, and VF Conner was a signatory to, and bound by, a collective bargaining agreement with that union which required its participation in the Sheet Metal Workers National Pension Fund (the "Fund"). Dkt. 34 ¶ 11.

In or about January 2007, High Voltage entered into an agreement with VF Conner to purchase its assets. *Id.* ¶ 14. On February 1, 2007, VF Conner is alleged to have completely withdrawn from the Fund in violation of the agreement. *Id.* ¶ 81; *see* Dkt. 1 ¶ 13. This triggered an event of potential statutory withdrawal liability under ERISA, which carried risk of statutory withdrawal liability to the asset purchaser High Voltage under ERISA, risk of liability under the LMRA for successorship obligations, and/or liability under the Sheet Metal Pension Fund Trust Document. *Id.* ¶ 37. In May and June 2007, the union also filed four unfair labor practice charges with the National Labor Relations Board ("NLRB") against High Voltage. *Id.* ¶ 16. In a position statement to the NLRB in July 2007, High Voltage admitted it was a "successor" of VF Conner. *Id.* ¶ 18.

In September 2007, High Voltage and Albany Metal entered into a purchase agreement for Albany Metal to buy certain assets from High Voltage. *Id.* ¶ 20. That agreement states that High Voltage "shall defend, indemnity and hold [Albany Metal] harmless from any and all liabilities, obligations, claims or actions, known or unknown, which may be asserted against [Albany Metal]

---

[1] For purposes of considering the Motion to Dismiss, the Court accepts all facts contained within the Amended Third-Party Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

or [High Voltage] for any and all acts or omissions on the part of [High Voltage] in relation to the Transferred Assets that have occurred prior to and including the date of Closing." *Id.* ¶ 32. The agreement also includes a list of representations and warranties by High Voltage made "[a]s an essential part" of the agreement "in order to induce" the sale. *Id.* ¶ 33. These representations and warranties include, *inter alia*, that:

- High Voltage "has not received any written notice from any Governmental Authority or from any other Person that the current conduct of the Business is in violation of any applicable law,"

- High Voltage "is not in default beyond applicable notice and/or cure periods under any . . . agreements or contracts concerning the Business or its Transferred Assets, nor have any events occurred which, with the passage of time or giving notice, or both, would constitute default,"

- "[t]o [High Voltage]'s knowledge, [High Voltage] has materially complied with all material laws, rules and regulations of any town, city, state, local and federal governments relating to the Transferred Assets, the Real Property, the Improvements, or the Business,"

- "[t]o the knowledge of [High Voltage], there are no labor strikes or disputes pending or threatened against [High Voltage] by its employees,"

- "[t]o the knowledge of [High Voltage], . . . conduct of the Business in a manner consistent with the manner of [High Voltage]'s operation of the Business will not . . . result in the creation of any lien, charge or encumbrance upon the Assets of the Business pursuant to any mortgages, lease, agreement, contract, or instrument to which [High Voltage] is a party or by which it is bound," and,

- "to [High Voltage]'s knowledge, no representation or warranty by [High Voltage] in this Agreement or any statement or certificate furnished or to be furnished to [Albany Metal Fabrication, LLC] pursuant hereto, or in connection with the transactions contemplated hereby, contains any untrue statement or a material fact, or omits a material fact necessary to make the statements contained herein or therein not misleading."

*Id.* ¶ 33. High Voltage agreed "to indemnify, defend and hold harmless [Albany Metal] from and against all costs, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees and disbursements, (any such cost, damage, liability or other expense, a "Loss")

3

imposed upon, incurred by (whether by way of judgment, award or decree) or suffered by any of them by reason of any breach of any representation or warranty of [High Voltage] contained in this Agreement." *Id.*

High Voltage did not notify Albany Metal of any of the potential withdrawal liability, the unfair labor practice charges, or its statement to the NLRB that it was a "successor" of VF Conner. *Id.* ¶¶ 88-95.

On July 12, 2024, the Board of Trustees, Sheet Metal Workers' National Pension Fund (the "Fund") initiated this action, asserting withdrawal liability under ERISA against Albany Metal as a successor and/or alter ego of VF Conner. Dkt. 1. On March 14, 2025, Albany Metal filed its Amended Third-Party Complaint against High Voltage, asserting claims for (i) breach of contract to defend, indemnify, and hold harmless, and (ii) fraudulent inducement. Dkt. 34. On April 25, 2025, High Voltage filed its Motion to Dismiss. Dkt. 39. On May 14, 2025, Albany Metal filed its Opposition. Dkt. 46. On May 20, 2025, High Voltage filed its Reply. Dkt. 47.

## II.  LEGAL STANDARD

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from

4

the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III.  ANALYSIS

In its Motion to Dismiss, High Voltage argues that Albany Metal fails to state a claim because (1) Albany Metal's claims for indemnification 'contradict the plain language' of the Purchase Agreement, (2) the Fund's action "is innately beyond the scope" of the Purchase Agreement's indemnification clauses, and (3) Albany Metal's fraudulent inducement claim lacks jurisdiction, timeliness, proximate causation, and sufficient particularity.[2] Dkt. 40 at 13.

To plead a viable claim for breach of contract under New York law, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."[3] *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation omitted). Here, High Voltage asserts that Albany Metal has failed to plausibly allege that it breached the Purchase

---

[2] The Court notes that the parties did not raise or address the possibility of any potential LMRA or ERISA preemption, so the Court does not address it here.

[3] The parties applied New York law in their briefing. Accordingly, at this stage, the Court assumes, without deciding, that New York law applies to this claim.

Agreement. District Courts applying New York law have denied motions to dismiss contract claims where the allegations asserting bases for indemnification, on their face, are sufficiently broad to cover the claim or other object of indemnification. *See, e.g.*, *CVS Pharmacy, Inc. v. Press Am., Inc.*, 2018 WL 318479, at *4-5 (S.D.N.Y. Jan. 3, 2018) (indemnification clause "on its face, is sufficiently broad to capture [claim]"). At this stage, the Court finds that the language of the Purchase Agreement plausibly covers the allegations here, such that Albany Metal has sufficiently alleged a claim for breach. The Court notes High Voltage's arguments are more appropriately addressed at a later stage of the proceedings. *See* Dkt. 40 at 14-27 (arguing for dismissal based on, *inter alia*, lack of materiality, the doctrines of *in pari delicto* and unclean hands, and the comparative weight of the "common equipment" factor in an alter ego analysis).

As to fraudulent inducement, High Voltage first argues that this Court lacks supplemental jurisdiction over the claim. Dkt. 40 at 22. But here the claims all "derive from a common nucleus of operative fact," *i.e.* the circumstances surrounding who, if anyone, is liable for CF Conner's alleged complete withdrawal from the Fund. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, the Court has supplemental jurisdiction over the claim.

High Voltage also argues that the claim is time-barred. Dkt. 40 at 28. But only in "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" may a defendant raise—and the Court consider—a statute of limitations defense at the motion to dismiss stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). When the facts necessary to establish the time bar are not facially apparent, the Court should allow the suit to proceed to discovery. *See Cruz v. Maypa*, 773 F.3d 138, 146 (4th Cir. 2014). Here, High Voltage presents the question of when precisely Albany Metal discovered, or in the exercise of due diligence reasonably should have discovered, the alleged fraud. Because the Court finds

6

that this question cannot be resolved on the face of the Amended Third-Party Complaint, dismissing the claim at this stage would be inappropriate.

Similarly, High Voltage argues that Albany Metal has failed to plead proximate causation. Dkt. 40 at 30.  But, again, "[i]t is well-established that the issue of proximate causation 'is fact laden and inappropriate for a motion to dismiss at the pleadings stage.'"  *In re GEICO Customer Data Breach Litig.*, 691 F. Supp. 3d 624, 632 (E.D.N.Y. 2023) (quoting *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, 468 F. Supp. 2d 508, 531 (S.D.N.Y. 2006), *aff'd sub nom. Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166 (2d Cir. 2013)) (collecting cases).  Here, Albany Metal has pleaded sufficient facts to allow a reasonable interference that High Voltage's allegedly fraudulent conduct proximately caused its harm.  Accordingly, the claim will not be dismissed on this basis.

Finally, High Voltage argues that Albany Metal has failed to plead its fraudulent concealment claim with particularity.  Dkt. 40 at 32.  The Fourth Circuit has repeatedly held that "a court considering a fraudulent-concealment case 'should hesitate to dismiss a complaint [for lack of particularity] if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts."  *Scharpf v. Gen. Dynamics Corp.*, 137 F.4th 188, 195 (4th Cir. 2025) (quoting *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019)).  Here, the Court finds that Albany Metal has pleaded its claim with sufficient particularity such that High Voltage has been made aware of the particular circumstances for which it will have to prepare a defense at trial, and that Albany Metal has substantial pre-discovery evidence of those facts.  High Voltage's other arguments about, for example, the timing and extent of Albany Metal's

7

knowledge of the relevant circumstances, are, again, more properly considered at a later stage of the proceedings. Thus, the fraudulent inducement claim will also not be dismissed.

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED that Third-Party Defendant High Voltage Electric Service, Inc.'s Motion to Dismiss (Dkt. 39) is DENIED; and it is

FURTHER ORDERED that a scheduling order will issue shortly.

It is SO ORDERED.

Alexandria, Virginia
March 27, 2026

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

8